Providence Steam Carpet Beating Co. *et al. vs.* Frank B. Hazard, Administrator.

PROVIDENCE — JUNE 10, 1897.

Present : Matteson, C. J., Stiness and Tillinghast, JJ.

A creditor of an insolvent estate of a deceased person who by accident or mistake has failed to present his claim to the commission appointed to review such claims should, within eighteen months of the appointment, apply to the Probate Court to extend the time limited for the presentation of claims, and not for the appointment of a new commission.

The provisions of Pub Stat. R. I. cap. 186, § 7, relative to the report by the commissioners at the end of the time limited for bringing in and proving claims, construed to be a direction to the commissioners to do so as soon as they can reasonably consider the evidence and make up their report.

Failure to make such report within thirty days does not render void a report that is made after the expiration of that time.

Appeal from a decree of a Court of Probate denying a petition for the appointment of new commissioners upon an insolvent estate.

Matteson, C. J. On October 7, 1895, Frank B. Hazard, administrator on the estate of Thomas W. Hedley, deceased, represented to the Court of Probate of North Providence, by which he was appointed, that the estate was insolvent. Thereupon the court, on October 9, 1895, appointed commissioners to receive and examine the claims of creditors against the estate, and allowed six months to creditors to bring in their claims and prove their debts. The commissioners filed their report May 21, 1896, which was duly allowed by the

court. Subsequently, on June 17, 1896, the court extended the time for the presentation and proof of the claims till June 24, 1896 ; but the commissioners did not file their second report until September 9, 1896, more than thirty days after the extended time allowed to creditors to bring in and prove their claims had expired. The appellants are creditors of the estate, but through accident and mistake failed to present their claims to the commission within the time allowed by the original decree of the court, or within the extended time. On September 16, 1896, they presented their petition to the court for the appointment of a new commission, on the ground that the commissioners had failed or neglected to make their second report within the space of thirty days after the time allowed to creditors to bring in and prove their claims. The court denied the petition, and thereupon the petitioners appealed.

The question presented for decision is whether the court was required on the facts stated to appoint a new commission. We think not. Pub. Stat. R. I. cap. 186, § 7, provides that commissioners, or the major part of them, at the end of the time limited for the bringing in and proof of claims, shall report unto the court a list of the claims allowed. This is to be construed simply as a direction to the commissioners to make their report as soon as they can reasonably consider the evidence and make up their report. Their failure or neglect to do so within the space of thirty days does not render their report void. Pub. Stat. cap. 186, § 8, merely provides that in case of such failure or neglect the court *may*, not *shall*, appoint a new commission.

The remedy of the appellants, if they had failed or neglected through accident or mistake to present their claims to the commissioners within the time limited, eighteen months not having elapsed since the appointment of the commission, was to have applied to the court to extend the time for the presentation of claims, as provided in Pub. Stat. R. I. cap. 186, § 6, and not for the appointment of a new commission.

*Amasa M. Eaton and Dennis H. Sheehan,* for appellants.
*Simon S. Lapham and James Harris,* for appellee.